IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BARBARA FALCY, an individual, | Case No. 1:14-CV-00044-CL |
| Plaintiff, | |
| v. | **ORDER** |
| CITIMORTGAGE, INC., a New York corporation, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff Barbara Falcy brings this action against Defendant CitiMortgage alleging breach of contract, intentional infliction of emotional distress (IIED), violation of the Fair Credit Reporting Act (FCRA), and violation of Oregon's Unlawful Debt Collection Practices Act (OUDCPA). Currently before the court is CitiMortgage's motion to partially dismiss Falcy's claims (#23). The parties executed written consent to entry of judgment by a United States Magistrate Judge (#32). For the reasons set forth below, CitiMortgage's motion is DENIED in part and GRANTED in part.

## BACKGROUND

For the purpose of considering CitiMortgage's motion, the court accepts as true the allegations outlined in Falcy's Amended Complaint. In August 2005, Falcy and her late husband signed a promissory note in the amount of $141,700 and executed a mortgage to CitiMortgage's predecessor-in-interest on real property located in Ames, Iowa. In 2009, Falcy fell behind on her payments and CitiMortgage initiated a foreclosure action on the property. On January 22, 2010, Falcy signed a Warranty Deed in lieu of foreclosure, deeding the property to the CitiMortgage, and an Estoppel Affidavit, releasing Falcy from liability for the promissory note and mortgage. On March 24, 2010, CitiMortgage dismissed its foreclosure action.

Despite the Warranty Deed, Estoppel Affidavit, and case dismissal, CitiMortgage continued its efforts to collect approximately $64,000 from Falcy. Falcy, Falcy's counsel, and CitiMortgage's counsel in the foreclosure action instructed CitiMortgage that Falcy had been released from liability and instructed CitiMortgage to cease collection efforts. However, CitiMortgage continued to call and send collection letters to Falcy.

On August 7, 2013, Falcy's counsel submitted a dispute to the three credit bureaus regarding information on Falcy's credit report relating to her transaction with CitiMortgage. Falcy and the credit bureaus notified CitiMortgage of the dispute. On August 15, 2013, CitiMortgage mailed Falcy's counsel a letter stating it would investigate the issue and inform Falcy of the results. As of February 2014, CitiMortgage was persisting in its collection efforts against Falcy and had not altered the information it furnished to the credit bureaus.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not

whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." Id. That is, plaintiffs must show that their claims are not merely conceivable, but plausible. Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. Leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of additional facts. Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). The court must also consider whether granting leave to amend will result in undue prejudice to the opposing party, is sought in bad faith or for a dilatory motive, is futile, or creates undue delay. U.S. ex. rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

## DISCUSSION

CitiMortgage moves to dismiss four of Falcy's five claims. Falcy's First Claim for Relief, breach of contract, is not at issue in this motion. For the reasons set forth below, the court denies CitiMortgage's motion as to Falcy's Second, Third, and Fourth Claims for relief;

Page 3 - ORDER

respectively alleging willful violation of the FCRA, negligent violation of the FCRA, and IIED. The court grants CitiMortgage's motion as to Falcy's Fifth Claim for Relief, alleging violation of the OUDCPA, with leave to amend.

## I. Fair Credit Reporting Act

The FCRA imposes a duty on a furnisher of credit information to investigate and, if necessary, correct credit information it submits to a credit reporting agency (CRA) upon notice from the CRA that a consumer has disputed the information's completeness or accuracy. 15 U.S.C. § 1681s-2(b). The FCRA confers on consumers a private right of action to enforce this duty. Id. Falcy asserts two claims under the FCRA. First, Falcy alleges that CitiMortgage is civilly liable under 15 U.S.C. § 1681n for willfully failing to properly investigate and correct Falcy's credit report dispute. Second, Falcy alleges CitiMortgage is liable under 15 U.S.C. § 1681o for negligently failing to research and remedy the information it provided to the CRA.

Falcy's Amended Complaint sets forth allegations sufficient to state both FCRA claims. The pleading establishes that CitiMortgage had a duty under 15 U.S.C. § 1681s-2(b) and raises reasonable doubt regarding CitiMortgage's satisfaction of that obligation. Falcy pled facts to demonstrate that she was harmed by CitiMortgage's alleged misconduct and to support the plausible inference that CitiMortgage acted willfully. Accordingly, Falcy is entitled to move forward with her claims under the FCRA.

## II. Intentional Infliction of Emotional Distress

To state a claim of intentional infliction of emotional distress (IIED) under Oregon law, a plaintiff must pled that (1) the defendant intended to inflict severe emotional distress on the plaintiff or knew such distress was substantially certain to result from its conduct, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's

acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 321 Or. 532, 543, 550-51 (1995). The Amended Complaint advances sufficient allegations as to all three elements. Falcy alleges that CitiMortgage acted outrageously with the intent to inflict, and knowledge of the likelihood of inflicting, severe emotional distress on her. Furthermore, Falcy alleges that CitiMortgage's persistent collection efforts did, in fact, cause her to suffer extreme distress.

Typically, an IIED claim's viability turns on the tort's third element: whether the defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." House v. Hicks, 218 Or. App. 348, 358 (2008). This is a question of law. Harris v. Pameco Corp., 170 Or. App. 164, 171 (2000). To answer it, the court must engage in a case-by-case "fact-specific inquiry . . . considering the totality of the circumstances." Rosenthal v. Erven, 172 Or. App. 20, 23 (2001). At this early stage in the proceeding and without the facts fully developed, it is premature for the court to find that Falcy's IIED claim must fail as a matter of law. As the case progresses, it may be difficult for Falcy to prove that CitiMortgage's actions amounted to an extreme departure from societal norms. However, to survive a motion to dismiss, Falcy need only set forth a legally cognizable claim, which she has done.

### III. Oregon's Unlawful Debt Collection Practices Act

In her Fifth Claim for Relief, Falcy states "[b]ased upon the facts asserted herein, defendant CitiMortgage's practices violate Oregon's Unlawful Debt Collection Practices Act, ORS 646.639-643." The OUDCPA prohibits debt collectors from using specific "unlawful collection practice[s] . . . while collecting or attempting to collect" actual or alleged debts. Or. Rev. Stat. § 646.639(2); Porter v. Hill, 314 Or. 86, 92 (1992) ("The statute proceeds from the

assumption that a debt does (or might) exist and prohibits the debt collector from using unfair practices to collect it. Nothing in the statute evidences a legislative concern with the existence or amount of the underlying debt, as distinct from the use of abusive methods to pressure debtors to pay their debts."). For instance, it is unlawful for a debt collector to threaten the use of physical force, Or. Rev. Stat. § 646.639(2)(a); communicate with a debtor's employer regarding the debt, Or. Rev. Stat. § 646.639(2)(f); or attempt to collect fees in excess of the debt unless expressly authorized by contract or law, Or. Rev. Stat. § 646.639(2)(n).

The employment of a listed abusive practice is an essential element of an OUDCPA claim. See Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011) (reversing dismissal of plaintiff's claim that Chase Bank "violated Oregon Revised Statutes [§] 646.639(2)(k) by attempting to collect a debt when it knew or had reason to know that its right to do so did not exist"); see also Rowe v. Bank of Cascades, 68 Or. App. 490, 492-93 (1984) (analyzing plaintiff's claim that defendant "in an attempt to collect one or both of said debts immediately attached the funds in the account referred to in Paragraph III without cause, not pursuant to Court order, without notifying the Plaintiffs, and with knowledge or reason to know that such a right or remedy did not exist, in violation of ORS 646.639."). The Amended Complaint does not identify which prohibited collection methods CitiMortgage allegedly engaged in and the court declines to speculate as to which theories of liability the alleged facts may support. Accordingly, CitiMortgage's motion to dismiss Falcy's Fifth Claim for Relief is granted and Falcy is given leave to amend her complaint.

/ / /

/ / /

/ / /

## ORDER

CitiMortgage's motion (#23) for partial dismissal of Falcy's claims is DENIED as to Falcy's Second, Third, and Fourth Claims for Relief and GRANTED as to Falcy's Fifth Claim for Relief. Falcy shall file any amended complaint on or before July 1, 2014.

DATED this 12 day of June 2014.

MARK D. CLARKE
United States Magistrate Judge